1

2

3 UNITED STATES DISTRICT COURT

4 DISTRICT OF NEVADA

5 * * *

6 THOMAS WILLIAMS aka MALKI ALI      Case No. 3:20-cv-00213-MMD-WGC
EL-BEY,

7      ORDER
Plaintiff,

8 v.

9 UNITED STATES OF AMERICA, *et al.*,

10 Defendants.

11

12      On November 18, 2020, the Court directed Plaintiff to provide an updated

13 address pursuant to Nevada Local Rule IA 3-1, as it appears that Plaintiff was

14 transferred from Northern Nevada Correctional Center to Southern Desert Correctional

15 Center. (ECF No. 5.) The Court also instructed Plaintiff to either complete the

16 application to proceed *in forma pauperis* or pay the full $400 filing fee. (*Id.*)

17      The Court gave Plaintiff ten (10) days to comply with its order to update his

18 address and thirty (30) days to comply with its order to complete an application to

19 proceed *in forma pauperis* or pay the filing fee, and cautioned that failure to comply may

20 result in dismissal of this action. (*Id.*) The 30-day period has now expired, and Plaintiff

21 has not filed an updated address, filed an application to proceed *in forma pauperis*, paid

22 the filing fee, or otherwise responded to the Court's order.

23      District courts have the inherent power to control their dockets and "[i]n the

24 exercise of that power, they may impose sanctions including, where appropriate . . .

25 dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

26 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

27 failure to prosecute an action, failure to obey a court order, or failure to comply with

28 local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for

1  noncompliance with local rule); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

2  (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court

3  apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

4  (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

5  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local

6  rules).

7       In determining whether to dismiss an action for lack of prosecution, failure to

8  obey a court order, or failure to comply with local rules, the court must consider several

9  factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

10 to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

11 favoring disposition of cases on their merits; and (5) the availability of less drastic

12 alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*,

13 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

14      In the instant case, the Court finds that the first two factors, the public's interest in

15 expeditiously resolving this litigation and the Court's interest in managing the docket,

16 weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs

17 in favor of dismissal, since a presumption of injury arises from the occurrence of

18 unreasonable delay in filing a pleading ordered by the court or prosecuting an action.

19 *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public

20 policy favoring disposition of cases on their merits—is greatly outweighed by the factors

21 in favor of dismissal discussed herein. Finally, a court's warning to a party that his

22 failure to obey the court's order will result in dismissal satisfies the "consideration of

23 alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33;

24 *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an updated

25 address within thirty (30) days expressly stated:

26     IT IS HEREBY ORDERED (1) The Clerk shall SEND a copy of this Order on Plaintiff at SDCC. (2) Within 10 days of the date of this Order, Plaintiff

27 shall file a notice of change of address with the court indicating his new address at SDCC in compliance with Local Rule IA 3-1, or this action may

28 be dismissed. (3) The Clerk shall SEND Plaintiff a copy of the instructions and application to proceed IFP for an inmate. (4) Plaintiff has 30 days from

1  the date of this Order to either file his completed IFP application and financial certificate or pay the full $400 filing fee. If he fails to timely do so,
2  this action will be dismissed.

3  (ECF No. 5 at 3.) Thus, Plaintiff had adequate warning that dismissal would result from

4  his noncompliance with the Court's order to file an updated address within ten (10) days

5  or pay the filing fee within thirty (30) days.

6      It is therefore ordered that this action is dismissed without prejudice based on

7  Plaintiff's failure to file an updated address or pay the filing fee in compliance with this

8  Court's November 18, 2020, order.

9      The Clerk of Court is directed to enter judgment accordingly and close this case.

10      DATED THIS 30th Day of December 2020.

11

12

13

14  MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28